UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILEK ABRAHAM BEY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>TROY L. NUNLEY,<br><br>Defendant. | No. 2:19-cv-00824-MCE-CKD PS<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiffs are proceeding in this action pro se. Plaintiffs have requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 2–4.) This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiffs have submitted the affidavit required by § 1915(a) showing that plaintiffs are unable to prepay fees and costs or give security for them. Accordingly, their requests to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.[1] 28 U.S.C. § 1915(e)(2).

---

[1] The court questions whether plaintiffs have standing to bring their claims and whether plaintiffs' complaint states a claim upon which relief can be granted. See <u>Ellis v. Cassidy</u>, 625 F.2d 227

1

In this action, plaintiffs seek $1.9 million in damages from defendant District Judge Troy L. Nunley. (ECF No. 1 at 5.) According to plaintiffs, their action is based on a separate criminal action brought in federal court in the Eastern District. (Id. at 2.) Plaintiffs assert that defendant violated a number of statutes through a "process of handling [an] incriminating case." (Id. at 6.)

"Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199–200 (1985)). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 12–13 (1991) ("If judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority'" (quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978))). Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction . . . or performs an act that is not judicial in nature.").

Clearly, plaintiffs seek monetary relief from a federal judge for actions he took within his jurisdiction—handling a criminal case. Indeed, such actions are quintessential examples of judicial acts. Therefore, defendant is immune from this suit, "however erroneous the act[s] may have been."[2] Ashelman, 793 F.2d at 1075. Plaintiffs' proper course of action to redress any

---

(9th Cir. 1980) (explaining that a plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights). However, the court need not reach the substance of plaintiffs' claims for damages because it is readily apparent that defendant Judge Troy L. Nunley is immune from liability.

[2] Plaintiffs do not identify any other defendants by name in their complaint. To the extent the complaint alleges claims against "All Prosecuting Attorney(s) Lawyers in case number 2:16-CR-0020 TLN," (ECF No. 1 at 2), the action is barred by prosecutorial immunity. The United States

alleged erroneous rulings by defendant was to appeal those rulings to the Ninth Circuit Court of Appeals, provided plaintiffs have standing to do so.

In accordance with the above, IT IS HEREBY ORDERED that plaintiffs' motions to proceed in forma pauperis (ECF Nos. 2–4) are granted.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice, and
2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 23, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 bey824.ifp.dismissal

---

Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Such absolute immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious and dishonest action deprives him of liberty.'" Ashelman, 793 F.2d at 1075 (quoting Imbler, 424 U.S. at 427).